1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  HELEN L. GILBERT (NYBN 4736336)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7021
7       Fax: (415) 436-7207
        Email:  Helen.Gilbert@usdoj.gov
8
   Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                          OAKLAND DIVISION
12

13  UNITED STATES OF AMERICA,            ) CASE NO. CR17-00554 PJH
                                         )
14        Plaintiff,                     )
                                         ) MOTION TO SEAL AND [PROPOSED]
15        v.                             ) SEALING ORDER
                                         )
16  LUCIANO AMADOR JUAREZ,               )
    JOSE IVAN PORTILLO, a/k/a "Pato,"    ) [UNDER SEAL]
17  ERIK SILVA,                          )
    RAQUEL MANZO PORTILLO, and           )
18  DANIEL LOPEZ, a/k/a "Daniel Lopez    )
    Barajas,"                            )
19                                       )
          Defendants.                    )
20  _____)

FILED
OCT 26 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

MOTION TO SEAL AND [PROPOSED] ORDER
UNDER SEAL
                                        1

1  The United States of America hereby moves the Court for an order sealing the record in this case
2  until further order of the Court. "Every court has supervisory power over its own records and files, and
3  access has been denied where court files might have become a vehicle for improper purposes." Nixon v.
4  Warner Commc'n, Inc., 435 U.S. 589, 598 (1978). The exercise of this inherent supervisory power is
5  left to the Court's discretion. Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995).
6  There are compelling reasons to seal the proceedings in this case. The indictment in this matter
7  pertains to an investigation involving numerous defendants and several search locations. Coordinating
8  the arrests and searches of these persons and locations will be a logistical challenge. If any of the
9  defendants learns of this indictment or the search warrants, that defendant may notify others and
10 jeopardize the agents' ability to arrest everyone named in the indictment. The defendants may also
11 destroy or hide evidence, making it more difficult to prosecute them for the offenses they have
12 committed.
13 The United states also requests that, notwithstanding any sealing order, the Clerk of the Court be
14 required to provide copies of the sealed documents to employees of the United States Attorney's Office,
15 and that they be permitted to provide working copies to Special Agents and other investigative officers
16 of the Drug Enforcement Administration, federally deputized state and local law enforcement officers,
17 and other government and contract personnel acting under the supervision of such investigative or law
18 enforcement officers.

20 DATED: October 26, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

HELEN L. GILBERT
Assistant United States Attorney

[PROPOSED] ORDER

The Court has the inherent power and the discretion to seal its own record where doing so is necessary to protect a compelling interest, where there is a substantial probability that this compelling interest would be harmed if the Court does not seal its record, and where there are no other alternatives that would adequately protect that interest. See Nixon v. Warner Commc'n, Inc., 435 U.S. 589, 598 (1978); In re Copley Press, Inc., 518 F.3d 1022, 1026 (9th Cir. 2008); Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). After reviewing the present motion, the Court finds that sealing the record in this case is necessary to prevent the destruction of evidence and the defendants' flight to avoid prosecution. For these reasons, the Court finds that the government's compelling interests outweigh the public's competing interest in open criminal proceedings. Accordingly, the Court orders that the record in this case be sealed pending further order of this Court. Copies shall be provided to employees of the United States Attorney's Office, which shall be permitted to provide working copies to Special Agents and other investigative officers of the Drug Enforcement Administration, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers.

DATED: October 26, 2017

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge