1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  HELEN L. GILBERT (NYBN 4736336)
   Assistant United States Attorneys
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7021
7      FAX: (415) 436-7234
       helen.gilbert@usdoj.gov
8
   Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                          OAKLAND DIVISION
12

13
   UNITED STATES OF AMERICA,            )  Case No. CR 17-00554 PJH-02, 03, 04, 05
14                                       )
           Plaintiff,                    )  STIPULATION AND [PROPOSED]
15                                       )  PROTECTIVE ORDER RE: DISCOVERY
       v.                                )
16                                       )
   JOSE IVAN PORTILLO, A/K/A "PATO,"     )
17 ERIK SILVA, RAQUEL                    )
   MANZO PORTILLO, AND                   )
18 DANIEL LOPEZ, A/K/A "DANIEL LOPEZ     )
   BARAJAS,"                             )
19                                       )
           Defendants.                   )
20 _____)

21     The government and the defendants in the above-captioned matter, by and through their counsel,

22 hereby stipulate and request that the Court enter the following Protective Order governing the

23 production of discovery in this action.  The parties agree that this Protective Order applies to discovery

24 deemed Confidential and subject to Protective Order produced prior to and after the date the Court signs

25 the Protective Order.  Finally, the parties agree that this Protective Order does not enlarge or alter their

26 respective obligations under Federal Rule of Criminal Procedure 16.

27     The defendants are charged with offenses under Title 21, United States Code, Sections 841, 844,

28 and/or 846.  The United States already has started producing documents pertaining to the defendants and

[PROPOSED] PROTECTIVE ORDER
No. CR 17-00554 PJH                    1

the charged offenses to defense counsel.  In the near future, the United States anticipates producing additional sensitive discovery including under seal court filings and wiretap documents (collectively referred to as the "Protected Information") that contain information concerning areas of investigation that are not yet completed and individuals who have not been charged in a criminal case.  Specifically, the United States anticipates producing documents related to wiretap order No. CR 17-90964 MISC PJH, dated September 20, 2017.  The United States also anticipates producing numerous search warrants, other orders, and accompanying documentation.

These documents are currently under seal with the Court.  The parties agree that the Court should order that the Protected Information be made available to the attorneys for the defendants subject to a protective order limiting the dissemination of this information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that all Protected Information be marked as "Confidential" by the United States when produced to the defense.  Defense counsel of record, their investigators, assistants, employees, and independent contractors (collectively, "the defense team") may review with the defendant all discovery material produced by the government.  All parties agree that no member of the defense team shall provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, the Protected Information.  The government and defense counsel are ordered to, and shall continue to, work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's Order.

Defense counsel also may provide copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the defense team, and any experts who receive Protected Information under this Protective Order shall be provided a copy of this Protective Order along with those materials and shall initial and date the Protective Order reflecting their agreement to be bound by it.  This Protective Order shall also apply to any copies made of any materials covered by this Protective Order.

The materials provided pursuant to this Protective Order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

**IT IS FURTHER ORDERED** that, if a defendant disagrees that material should be Protected

Information, counsel for that defendant shall meet and confer with the United States regarding the issue, and the United States may, at its option, de-designate material as Protected Information. If the parties cannot agree on whether material should remain Protected Information, the defendant may file a motion with the Court. Until the Court rules on that motion, all materials designated as Protected Information shall continue to be treated as Protected Information.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team shall provide any Protected Information to any third party (*i.e.*, any person who is not a member of the defense team or a potential witness in the case) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Protective Order, that filing must be under seal.[1]

**IT IS FURTHER ORDERED** that, except as otherwise provided in this Protective Order regarding defendants' review of the Protected Information, Protected Information shall not be provided to defendants. If after the conclusion of the case, defendant is represented by new counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide new counsel with the documents and materials subject to and under the terms of this Protective Order. This stipulation is without prejudice to either party applying to the Court to modify the terms of the Protective Order, with respect to pro se litigation pursuant to 28 U.S.C. § 2255 or otherwise. This Court shall retain jurisdiction to modify this Protective Order upon motion of either party even after the conclusion of district court proceedings in this case.

DATED: November 21, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/
HELEN L. GILBERT
Assistant United States Attorneys

---

[1] This Order authorizes such filings under seal, and the parties are not required to seek additional authorization from the Court to do so.

[PROPOSED] PROTECTIVE ORDER
No. CR 17-00554 PJH                3

                  /s/ (per email authorization)
NED SMOCK
Attorney for Jose Ivan Portillo

                  /s/ (per email authorization)
MICHAEL STEPANIAN
Attorney for Erik Silva

                  /s/ (per email authorization)
DEBORAH G. LEVINE
Attorney for Raquel Manzo Portillo

                  /s/ (per email authorization)
SARA RIEF
Attorney for Daniel Lopez

IT IS SO ORDERED.

DATED: November 22, 2017

_____
HON. PHYLLIS J. HAMILTON
United States Chief District Judge

*[Seal: UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED" signed Judge Phyllis J. Hamilton]*